**Darrett Bernard BAKER and Ritchie Renald Humphrey**

v.

**The STATE OF TEXAS.**

**No. CA 3–80–0046–C.**

United States District Court,
N. D. Texas,
Dallas Division.

Feb. 19, 1980.

Frank Jackson, Gay G. Cox, Dallas, Tex., for plaintiffs.

Mark White, Atty. Gen., Gerald C. Carruth, Asst. Atty. Gen., Austin, Tex., Henry M. Wade, Dist. Atty., Sue Lagarde, Asst. Dist. Atty., Dallas, Tex., for defendant.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

Plaintiffs have filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and 2254 seeking a hearing on their claim of double jeopardy under the double jeopardy clause of the Fifth Amendment and the due process clause of the Fourteenth Amendment of the Constitution of the United States.

Defendants have moved to dismiss on the ground that Petitioners have not exhausted their state remedies as required by 28 U.S.C. § 2254(b).

Petitioners did raise their double jeopardy in the Texas trial court but it was denied. They then moved the Court of Criminal Appeals of the State of Texas for leave to file a Petition for Writ of Mandamus and/or Writ of Prohibition. This motion was denied and a motion for rehearing was denied.

Petitioners next filed this civil action and obtained a stay of the proceedings in the Texas Criminal District Court.

Defendants' Motion to Dismiss was carried along through the show cause hearing on the Petition.

The Court concludes that this Petition must be dismissed for failure to exhaust state remedies.

The Court of Criminal Appeals has held that it has very limited power to issue a writ of mandamus.[1] This is quite clear if one reads Article 4.04, Vernon's Ann.C.C.P. Article 4.04, which reads in part:

Sec. 1. In addition to the power and authority now vested in the Court of Criminal Appeals of the State of Texas, said court and each member thereof shall have, and is hereby given, power and authority to grant and issue and cause the issuance of writs of mandamus and certiorari agreeable to the principles of law regarding said writs, whenever in the judgment of said court or any member thereof the same should be necessary to enforce the jurisdiction of said court.

It would appear in this case that Petitioners would have had to move for a Writ of Habeas Corpus under Articles 11.01[2] and 11.05[3] of Vernon's Ann.C.C.P. to invoke the Court of Criminal Appeals jurisdiction. Then Petitioners could have moved for a Writ of Mandamus or Prohibition to stop the proceedings in the Criminal District Court so that the Court of Criminal Appeals would have had time to hear their contentions if there were inadequate time otherwise.

In any event, Petitioners have not exhausted their state remedies as they did not petition for a Writ of Habeas Corpus from the Court of Criminal Appeals. So this civil action will be dismissed without prejudice so that Petitioners may petition the Court of Criminal Appeals of the State of Texas for a Writ of Habeas Corpus.

---

1. *Bradley v. Miller*, 458 S.W.2d 673, 674 (Tex. Crim.App., 1970).

2. Article 11.01.
   The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty. It is an order issued by a court or judge of competent jurisdiction, directed to any one having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and show why he is held in custody or under restraint.

3. Article 11.05.
   The Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus; and it is their duty, upon proper motion, to grant the writ under the rules prescribed by law.