**Darrett Bernard BAKER and Ritchie Renald Humphrey**

v.

**Hon. Don METCALFE, Judge, Criminal District Court No. Two, Dallas County, Texas.**

**No. CA 3–80–0325–C.**

United States District Court, N.D. Texas, Dallas Division.

May 15, 1980.

Frank Jackson, Gay G. Cox, Dallas, Tex., for plaintiffs.

Henry Wade, Criminal Dist. Atty., Sue Lagarde, Asst. Dist. Atty., Dallas, Tex., for defendant.

## MEMORANDUM OPINION

WILLIAM M. TALYOR, Jr., District Judge.

This is the second time that these parties have been before this Court. On February 19, 1980, this Court dismissed an application for Writ of Habeas Corpus of these Petitioners because of their failure to exhaust state remedies.[1] They have again filed for a writ under 28 U.S.C. §§ 2241 and 2254. Jurisdiction is not contested and is found.

■ After dismissal here, Petitioners moved in the Court of Criminal Appeals of the State of Texas for leave to file a Writ of Habeas Corpus presenting the contentions that they made in their earlier application here. Leave to file was denied. Thus Petitioners have presented their contentions to the Texas trial and appellate courts with jurisdiction and they have exhausted their state remedies.[2]

1. 484 F.Supp. 587 (ND Tex., 1980). As a full trial on the merits was held in that proceeding before this Judge, judicial notice is taken of it with the acquiescence of the parties in lieu of another trial.

2. Petitioners were placed on bond by Respondent so they are formally in his custody, which makes him the correct state official to respond to Petitioners' application. See 28 U.S.C. § 2243.

Petitioners stand charged before the Criminal District Court of Dallas County, Texas, with the second degree felony, rape.[3] This Court has stayed proceedings in those two prosecutions in order to hear and rule on Petitioners' contentions.

On October 10, 1979, trial was commenced on these rape charges along with similar charges against two other males, stemming from the same incident. The Assistant Criminal District Attorney for Dallas County, Texas, opened the State's case by putting on the stand the complaining witness. At the conclusion of her testimony, the State rested. The Defendants, including Petitioners, then put on their cases in chief and rested without taking the witness stand.

The State then closed. Petitioners' co-defendants closed. Before Petitioners' counsel announced, a bench conference was held, the jury was returned to the jury room, and a further conference between the Judge, Respondent here, and counsel for the four Defendants was held.

At that conference, counsel for Petitioners said that he would close when they would go back on the record. The Assistant District Attorney then said that he would reopen and call one more witness. At a subsequent time, that Assistant testified under oath:

> "I rested my case knowing that she was in the courthouse, knowing that I was not going to allow testimony in charge to be read and closed before I had an opportunity to call her. I rested and closed, then, to see whether you would have additional testimony, you all."[4]

When the trial resumed after the conference, Petitioners did close and the Assistant District Attorney did reopen over the objection of Petitioners' counsel and put on one more witness. After her testimony, Petitioners moved for a mistrial based on the conduct of the Assistant District Attorney. This motion was granted by Respondent.

Petitioners subsequently plead in bar prior jeopardy. Respondent held a hearing on this plea on December 14, 1979, took notice of the proceedings at the October 10 trial and ruled denying the plea.

It is clear from the testimony presented in the partial statement of facts that was entered into evidence as Petitioners' Exhibit No. 1 that the District Attorney's office knew the whereabouts of the second prosecution witness at least several days in advance of trial. In fact, she was waiting in the courthouse for some hours before Petitioners rested and all parties closed on October 11, 1979.

Moreover, counsel for a co-defendant moved on October 10, 1979, after the complaining witness's testimony, for an order compelling the District Attorney to disclose any knowledge of the whereabouts of the woman who subsequently became the State's other witness. This order was granted by Respondent. The Assistant District Attorney stated that he knew of no other address for the second witness other than that which the Defendants already had and which was known to be incorrect.

During this sequence of events, the District Attorney's Investigator assigned to Petitioners' cases was sitting in the back of the courtroom. He heard the motion, the order and the response of the Assistant District Attorney. At that time, he knew the witness-to-be's correct address, the address of her employer and her phone number. He did not disclose this to the Assistant District Attorney but did make sure she was there to testify on the following day.[5]

One of the Petitioners' co-defendants did subpoena the second witness-to-be on October 10. Of course, she was not served as the Defendants did not have a correct address for her.

---

3. *The State of Texas v. Darrett Bernard Baker,* No. F–79–870–PI and *The State of Texas v. Ritchie Renald Humphrey,* No. F–79–913–PI.

4. Petitioners exhibit No. 1, at 8.

5. Of course, a prosecutor is required to make inquiry of his staff in order to comply with such a court order. See *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

The Supreme Court held in the case of *Abney v. United States*,[6]: ". . . , this Court has long recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to *trial* for the same offense." In *Benton v. Maryland*,[7] the Court held that the Double Jeopardy Clause of the Fifth Amendment of the Constitution of the United States of America is applicable to the States.

■ The standard governing this case was stated succinctly by the Fifth Circuit in *United States v. Luttrell*, 609 F.2d 1190, 1191 (5th Cir. 1980) to be: "When a mistrial is granted on motion by the defendant, the government is barred from reprosecuting him only if the prosecutorial misconduct giving rise to the mistrial is 'grossly negligent or intentional'." [8]

The Assistant District Attorney admitted under oath that his conduct that led to the mistrial was intentional. Besides this admission, it is apparent that he intended to prejudice the rights of Petitioners by springing this material, second witness on them after they had chosen to remain silent.

Article 36.02 of the Texas Code of Criminal Procedure does give the trial court power to allow evidence to be given before the conclusion of the argument of the case. But, only ". . . if it appears that it is necessary to a due administration of justice." The Assistant District Attorney made absolutely no showing of any such necessity. Nor did Respondent find any such necessity. Even if some sort of showing has been made, the bad faith on the part of the Assistant District Attorney would have negated the showing. The prejudice to Petitioners is undoubtedly the reason why Respondent did grant the motion for mistrial.

Therefore, Respondent's Motions to Dismiss and Stay will be denied and the writ will be granted.

---

**6.** 431 U.S. 651, at 660–661, 97 S.Ct. 2034, at 2041, 52 L.Ed.2d 651.

**7.** 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

**8.** See, also, *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976).